```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CURBY DARNLEY, pro se,                       :
                                             :      SUMMARY ORDER
                        Plaintiff,           :      15-CV-6493 (DLI)(CLP)
                                             :
        -against-                            :
                                             :
WEING SALTIER LLP,                           :
                                             :
                        Defendant.           :
                                             :
-------------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

On November 9, 2015, *pro se* Plaintiff Curby Darnley ("Plaintiff") filed the instant action seeking monetary damages from Defendant Weing Saltier LLP [*sic*] ("Defendant").[1] On December 2, 2015, Plaintiff filed a motion seeking the issuance of an Order to Show Cause. (*See* Dkt. Entry No. 5.) Plaintiff's request to proceed *in forma pauperis* is granted solely for purposes of this Order. (*See* Dkt. Entry No. 2.) For the reasons set forth below, Plaintiff's motion for an Order to Show Cause is denied as moot, and this action is dismissed in its entirety for lack of subject matter jurisdiction.

## BACKGROUND

The Complaint's statement of the claim, in its entirety, consists of three threadbare, fragmented allegations: "(A) Both Defendants[2] are in privity; (B) Non-compliance with demand for an accounting; (C) Both Defendants actions create unjust enrichment." (*See* Compl. at II, Dkt. Entry No. 1). The Complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1391, and seeks monetary damages. (*See Id.* at II and IV.) Plaintiff's motion for an Order to

---

[1] Although a search of relevant records did not return any results for "Weing Saltier LLP," a real estate law firm by the name of "Wenig Saltiel LLP" is located at the address Plaintiff provided for Defendant when commencing this action.

[2] While the Complaint's caption names "Weing Saltier LLP" as the sole Defendant in this matter, "Weing" and "Saltier" are identified individually in the body of the Complaint.

Show Cause is marginally more intelligible, stating that Defendant has refused Plaintiff's demands to provide an accounting of rental income collected from a property located at 690 Jefferson Street in Brooklyn, New York. (*See* Dkt. Entry No. 5.) Accordingly, Plaintiff requests that the Court issue an order granting Plaintiff access to the property, and directing Defendant to provide an accounting of rental income. (*See Id.*)

## LEGAL STANDARD

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

As a threshold matter, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citing *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)); *Rene v.*

*Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *see also Lussier*, 211 F.3d at 701.

Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 ("§ 1331"), or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 ("§ 1332"). Therefore, Plaintiff's reliance on 28 U.S.C. § 1391 to establish subject matter jurisdiction is unavailing, as that statute solely concerns the venue for proceedings in the federal district courts. (*See* Compl. at II.) Moreover, the Complaint alleges that both Plaintiff and Defendant reside in Brooklyn, New York, thus precluding diversity of citizenship and depriving this Court of jurisdiction under § 1332. (*See Id.* at I.) Finally, jurisdiction pursuant to § 1331 is properly invoked only where a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Here, Plaintiff does not plead any allegations that present a question arising under the Constitution or the federal laws. Even construed liberally, the Complaint at best alludes to possible claims for unjust enrichment and an accounting, which are matters of state law. Accordingly, Plaintiff has failed to establish a basis

3

for this Court's subject matter jurisdiction, and, therefore, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3)

Furthermore, even assuming that federal subject matter jurisdiction existed, this action still must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of the claim asserted against each defendant. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotations marks and alterations omitted). Here, the Complaint fails to satisfy the requirements of Rule 8, as it identifies Plaintiff's claims merely by way of labels, *e.g.* "unjust enrichment," absent any further factual elaboration concerning the nature of the wrongs alleged or the circumstances underlying them.

While ordinarily the Court would allow Plaintiff an opportunity to amend the Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here because it is clear from Plaintiff's submissions that he cannot establish a basis for this Court's subject matter jurisdiction. Accordingly, leave to replead is denied, as any amendment would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend futile where barriers to relief cannot be surmounted by reframing complaint); *Cuoco*, 222 F.3d at 112.

Finally, in light of the dismissal of this action, Plaintiff's motion for an Order to Show Cause is denied as moot. Having concluded that federal subject matter jurisdiction is lacking in this case, the Court has no power to adjudicate that motion. However, even if considered, the

4

motion still would be denied because it does not satisfy the requirements for the extraordinary relief Plaintiff seeks.

## **CONCLUSION**

Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. For the foregoing reasons, Plaintiff's motion for an Order to Show Cause is denied as moot, and this action is dismissed in its entirety for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2016

/s/
DORA L. IRIZARRY
United States District Judge